Etkin v Sherwood Residential Mgt. LLC (2024 NY Slip Op 06424)

Etkin v Sherwood Residential Mgt. LLC

2024 NY Slip Op 06424

Decided on December 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2024

Before: Kapnick, J.P., Scarpulla, Mendez, O'Neill Levy, Michael, JJ. 

Index No. 655734/21 Appeal No. 3302 Case No. 2023-04284 

[*1]William Etkin etc., Plaintiff-Respondent,
v
Sherwood Residential Management LLC, et al., Defendants-Appellants, The 500 West 21st Street Condominium, Nominal Defendant.

Fleischner Potash LLP, Mineola (Evan A. Richman of counsel), for appellants.
Tobias Law Firm, New York (David G. Tobias of counsel), for respondent.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about July 25, 2023, which, to the extent appealed from as limited by the briefs, in connection with plaintiff's motion to compel, imposed a $10,000 sanction against defendants for discovery abuses, unanimously affirmed, without costs.
The court providently exercised its discretion by imposing monetary sanctions against defendants (see CPLR 3126; Arts4All, Ltd. v Hancock, 54 AD3d 286, 288 [1st Dept 2008], aff'd 12 NY3d 846 [2008] cert. den. 559 US 905 [2010]). Based on the court's admonition at the March 29, 2023 discovery conference, both parties were on actual notice that the nonprevailing party on a discovery-related motion would be responsible for the legal fees of the prevailing party. In granting plaintiff's motion to compel access to his upstairs neighbor's apartment to perform a water test to determine the source of a persistent leak, the court credited plaintiff's position that the condominium's governing documents vested defendants with the authority to access the unit for inspection and testing when a condition in one unit is causing damage in another unit. Defendants refused to exercise that authority, even after the court noted that the request was proper, requiring plaintiff to have to move to compel discovery. The $10,000 sanction was therefore appropriate.
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2024